```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

GARY J. MILLER, JR. and KATHLEEN
A. MILLER,                                         **No. 1:13-CV-00090 (MAT)**
                                                   **DECISION AND ORDER**
                            Plaintiff,

        -vs-

TIMOTHY J. GEIDEL, GEORGETOWN
CAPITAL GROUP, INC., and ROYAL
ALLIANCE ASSOCIATES, INC.,

                            Defendants.
_____

**I.   Introduction**

Plaintiffs Gary J. and Kathleen A. Miller ("plaintiffs") brought this suit alleging various state law claims against defendants for money damages resulting from a fraudulent financial scheme for which defendant Timothy Geidel ("Geidel") was criminally convicted in April 2012.[1] On August 29, 2012, plaintiffs filed a summons with notice in New York State Supreme Court, Erie County. Defendants Georgetown Capital Group, Inc. ("Georgetown") and Royal Alliance Associates ("Royal Alliance") were served with the summons and notice approximately four months later.[2]

The summons with notice stated that the nature of the action was:

> [A] claim for money damages arising from monies received
> by the Defendant, Timothy J. Geidel, from the Plaintiffs

---

[1] See United States v. Geidel, 11-CR-12S.

[2] There is no indication that Geidel was ever served in this matter.

>    in exchange for fraudulent investments / securities / certificates of deposit / promissory notes, during a time when Defendant, Timothy J. Geidel, was employed by, licensed, or otherwise affiliated with and / or an agent of Defendant Georgetown Capital Group, Inc. and Royal Alliance Associates, Inc.

Doc. 1 at 8. As a result, the notice alleged that defendants were liable for "fraud, unjust enrichment, deceptive business practice, actual authority, apparent authority, *Respondeat Superior*, negligence and vicarious liability." Id. at 9.

All three defendants jointly removed the matter to this Court on January 28, 2013. Doc. 1. Defendants asserted in their notice of removal that federal question jurisdiction exists because plaintiffs' claims, upon information and belief, would be the same or similar as those raised in previously-filed federal civil actions against the same defendants. Id. at ¶ 1. The complaints in those actions alleged violations of the Securities and Exchange Act of 1934 as well as state law claims of fraud, unjust enrichment, and conversion. See Forti v. Geidel et al., No. 10-CV-793, Doc. 1; DiRosa v. Geidel et al., No. 11-CV-49, Doc. 1. Accordingly, defendants argued that plaintiffs' claims in the instant action "appear to involve the same federal securities statutes at issue in the Forti and DiRosa litigation, including whether Georgetown and Royal Alliance Associates, Inc., are liable as 'controlling persons' under 15 U.S.C. § 78t." Doc. 1 at ¶ 7. As a result, jurisdiction was asserted based on both 28 U.S.C. § 1331 (federal

2

question) and § 1337 (action arising under Act of Congress regulating commerce).

No action was taken by plaintiffs following removal for six months, prompting this Court to order plaintiffs to show cause why the case should not be dismissed. Doc. 6. Plaintiffs' counsel averred that he believed the matter was being held in abeyance due to the Court's automatic referral of this matter to mediation and the pending resolution of certain issues in Forti and DiRosa. Doc. 7 (Affidavit of Michael Morse, Esq.) at ¶¶ 6-13. The Court allowed the case to proceed, and plaintiffs moved to remand the matter back to state court. Doc. 8. Defendants Georgetown and Royal Alliance each opposed the motion to remand, and jointly cross-moved to dismiss the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for the failure to timely serve a complaint. Docs. 10, 11.

**II. Discussion**

On August 14, 2014, this Court (Skretny, J.) addressed a case brought by a different plaintiff against the same defendants as here, with essentially identical facts and procedural history. Loiacono v. Geidel, 2014 WL 4057436, *4 (W.D.N.Y. Aug. 14, 2014). In that case, the Court granted plaintiffs' motion to remand the matter to state court and denied defendants' joint cross-motion to dismiss for improper service. Because the facts of this case are

directly analogous, the same reasoning applied in Loiacono applies to this case.

Although defendants argue that their motion to dismiss for improper service should be reached prior to the Court reaching the threshold issue of subject matter jurisdiction, this Court addresses the jurisdictional question first "because, if dismissal is warranted on this ground, any additional defenses or objections become moot." Loiacono, 2014 WL 4057436, at *2 (citing Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)).

Regarding plaintiffs' motion to remand, "[w]here, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Comm. Workers Union v. CenterMark Props. Meriden Square, 30 F.3d 298, 301 (2d Cir. 1994). Removal jurisdiction is strictly construed in light of the limited jurisdiction of federal courts and out of respect for states' rights, with all doubts resolved against removal. In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).

In Loiacono, defendants made the same argument they raise here, namely, that this Court has subject matter jurisdiction over the present action based on the existence of a substantial federal question. In Loiacono, the Court found that this argument was

"undeveloped, inasmuch as [d]efendants [did] not appear to argue that [p]laintiffs' state law claims [were] preempted by federal securities law[, and in] any event, such an argument would be without merit here." 2014 WL 4057436, at *3 (citing 15 U.S.C. § 78bb(a)(2), (f) (providing that with the exception of certain class actions, the rights and remedies afforded by the Securities and Exchange Act of 1934 "shall be in addition to any and all other rights and remedies that may exist at law or in equity")).

Moreover, as in Loiacono, "here there are no allegations in the proposed complaint that [d]efendants 'conspired to violate the federal securities laws' or failed to perform a statutory duty created under federal law raising a substantial question of federal law." Id. at *4 (citing D'Alessio v. New York Stock Exch., 258 F.3d 93, 101–02 (2d Cir. 2001), cert. denied, 534 U.S. 1066.

Plaintiffs' motion to remand is therefore granted. Plaintiffs' request pursuant to 28 U.S.C. § 1447(c) for costs and fees associated with the motion to remand is, however, denied. Although defendants acted prematurely and ultimately without grounds, plaintiffs compounded the delay by failing to take any action for over six months and, as of this date, the complaint still has not been filed or served on defendants.

**III. Conclusion**

Defendants failed to meet their burden of establishing that federal subject matter jurisdiction exists in this case.

5

Plaintiffs' motion to remand (doc. 8) is therefore granted with the exception of their request for related costs and attorney's fees, which is hereby denied. Defendants' motion to dismiss (doc. 11) is denied as moot. The Clerk of the Court is directed to transfer this case to the New York State Supreme Court, County of Erie, and is thereafter directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                           **S/Michael A. Telesca**

                                             HON. MICHAEL A. TELESCA
                                           United States District Judge

Dated:    December 16, 2016
            Rochester, New York.